WWR#10002704

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE

Plaintiff

vs.

ALVAH GRAYS, et al.

Defendants

CASE NO. 1:07CV0743

**JUDGMENT ENTRY**
**FORECLOSURE DECREE**

This cause was submitted to the Court and heard upon the Complaint of the Plaintiff, the answer of Defendant, State of Ohio Department of Taxation, the Plaintiff's Motion for Default Judgment and the evidence.

The Court finds that all necessary parties have been properly served according to law and are properly before the Court; and that Defendants, Alvah Grays and John Doe, Unknown Spouse, if any, of Alvah Grays, are in default of Answer, Motion or other pleading and have by reason thereof confessed the allegations of the Complaint to be true, and are forever barred from asserting any right, title or interest in the premises described herein.

The Court further finds that there is due to the Treasurer of this County accrued real property taxes, assessments, penalties and interest thereon, upon the premises described herein, the exact amount being unascertainable at the date hereof, but which amount will be determined by the Treasurer at the time of confirmation of sale of said premises pursuant to O.R.C. 323.47, for which amount the Treasurer has a good and valid lien. For purposes of determining such

amount, the Treasurer may estimate the amount of taxes, assessments, interest and penalties that will be payable at the time the deed of the property is transferred to the purchaser.

The Court further finds that there is due to Plaintiff $75,938.88 plus at 8.20% per annum from November 1, 2006, upon the Promissory Note set forth in the Complaint, for which sum judgment is hereby rendered in favor of the Plaintiff against Defendant Alvah Grays. The Court further finds that in order to secure the indebtedness evidenced by said Promissory Note, a certain Mortgage Deed was executed and delivered securing the following-described premises:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT A
Permanent Parcel No.    PPN:130-07-073
Street Address:         3330 East 132nd Street, Cleveland, OH 44120

The Court further finds that said mortgage was filed for record on November 29, 2005, as Instrument Number 200511290826 of Cuyahoga County Records, and thereby became and is the first and best lien after real estate taxes upon the premises herein; that the conditions of said mortgage have been broken and the same has become absolute; that said mortgage was assigned to the Plaintiff and that Plaintiff is entitled to foreclosure.

The Court further finds that the Plaintiff may have advanced or may advance prior to confirmation of the sale in this action, sums for the payment of real estate taxes, hazard insurance premiums, and protection of the property described herein, the total amount of which is undetermined at the present time, but which amount will be ascertainable at the time of confirmation of the Sheriff's Sale herein, which amount may be added to the first mortgage lien of the Plaintiff.  The Court reserves for further order a determination of the exact amount due to the Plaintiff for said advances.

The Court further finds that Defendant, State of Ohio, claim some right, title, interest, claim or lien upon the premises described herein as set forth in the pleading filed herein, but that any right, title, interest, claim or lien that the Defendant may have is inferior and subsequent to the liens of the Plaintiff.

The Court makes no finding as to the right, title, interest, claim or lien of said Defendant as set forth in the pleadings filed herein except to note that by agreement of the parties, such right, title, interest claim or lien of said Defendant is hereby order transferred to the proceeds derived from the sale of said premises after the payment of the costs of this action, taxes due and payable, and the amount hereinaabove found due to the Plaintiff.

The Court further finds that there is no just reason for delay in entering the judgment herein.

## ORDER

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that unless the sums herein found due, together with the costs of this action, including the cost of the  Judicial Certificates of Title filed herein for which the Plaintiff is entitled to reimbursement, be fully paid within three (3) days from the date of the entry of this decree,  the equity of redemption of all Defendants in the premises described herein be foreclosed, and that an Order of Sale shall issue to the Master Commissioner ordering the Master Commissioner to sell the same at public sale, as upon execution and according to law, free and clear of all interest of all parties to this action, after having the same properly appraised and advertised according to law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Sheriff, upon confirmation of sale, shall pay from the proceeds thereof the following:

1. To the Clerk of Courts, the costs of this action, including the sum of $ 603.00 to Plaintiff for the Judicial Certificates of Title .

2. To the Treasurer, real estate taxes, assessments, penalties and interest due and payable on said premises.

3. To Deutsche Bank National Trust Company, as Trustee of Argent  Mortgage Securities, Inc. Asset- Backed Pass Through Certificates, Series 2006-W2  under the Pooling and Servicing Agreement dated as of  February 1,  2006,

      75,938.88 plus at 8.20% per annum from November 1, 2006, together with advances, if any.

  4.  The Sheriff shall hold the balance of funds, if any, pending further order from this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because the Plaintiff is the first and best lienholder, should it be the successful bidder at the Master Commissioner's Sale, the Plaintiff shall not be required to make a deposit at the time of sale, but the Clerk of this Court shall apply all monies previously deposited as court costs to the court costs due, and the Plaintiff shall pay the balance of all court costs due and owing, taxes and assessments, upon Confirmation of Sale.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon distribution of the proceeds of sale as aforesaid, the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens, releasing the same from the premises.

Record is hereby ordered

          ___s/Ann Aldrich (7-25-07)_____
          JUDGE

Approved:

WELTMAN, WEINBERG & REIS CO., L.P.A.


_____
Benjamin N. Hoen (0077704)
Attorney for Plaintiff
323 W. Lakeside Avenue, Suite 200
Cleveland, OH 44113
Phone: (216) 685-1170; Fax: (216) 363-4034
bhoen@weltman.com

 **Submitted**_____
Lucas Ward
150 East Gay St., 21st Floor
Columbus, OH 43215-3130
Attorney for State of Ohio

Legal Description

**Exhibit A**

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio:

Sublot No. 23 in the Kinsman Heights Subdivision of part of Original 100 Acre Lot No. 446, as shown by the recorded plat in Volume 44 of Maps, Page 26 of Cuyahoga County Records and being 40 feet front on the Westerly side of East 132nd Street and extending back  105.67 feet on the Northerly line 105.70 feet on the Southerly line and having a rear line of 40 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

PIDN:130-07-073
Street Address: 3330 East 132nd Street, Cleveland, OH 44120